**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

**BRADY WOODS,**

       **Movant,**

**v.**                               **Case No. 1:14-cv-27070
Case No. 1:12-cr-00157**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 112), as amended by the documents in ECF Nos. 127-129.  This matter is assigned to the Honorable David A. Faber, Senior United States District Judge.  By Standing Order, Movant's motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL AND PROCEDURAL BACKGROUND

On February 4, 2012, Movant, Brady Woods (hereinafter "Defendant") was charged in a criminal complaint filed in this court with one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).  (ECF No. 1).  On February 4, 2012, Defendant appeared before a United States Magistrate Judge for an initial appearance, and subsequently appeared for a preliminary and detention hearing

1

on February 8, 2012. At that hearing, Defendant's counsel moved for a competency evaluation, which was granted and Defendant was remanded to custody for that purpose. (ECF No. 7). On July 6, 2012, Defendant appeared for a competency and detention hearing at which he was found to be competent and was detained. (ECF No. 15). He waived his preliminary hearing. (ECF No. 17).

On July 17, 2012, Defendant was indicted by a federal grand jury and charged with one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). (ECF No. 18). On October 9, 2012, Defendant appeared with his initial court-appointed counsel, Mary Lou Newberger, at a hearing to enter a guilty plea. However, during the hearing, Defendant requested new counsel and stated that he no longer wished to plead guilty. The District Court granted the motion for new counsel and, on October 16, 2012, attorney William S. Winfrey was appointed to represent Defendant and Defendant's trial was continued. (ECF Nos. 32-35).

On January 15, 2013, a federal grand jury returned a five-count superseding indictment against Defendant, charging him with the following crimes: two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts One and Two); one count of possession with intent to distribute more than 280 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Three); one count of possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Four); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Five).

On April 1, 2013, a pre-trial motions hearing was held at which the district court considered Defendant's motion to suppress evidence seized during the search of his home on February 3, 2012.   (ECF No. 65).   On April 8, 2013, the district court denied the motion to suppress.   *See United States v. Woods*, No. 1:12-cr-00157, 2013 WL 12107462 (S.D. W.Va. Apr. 8, 2013) (also docketed as ECF No. 67).

On April 10, 2013, Defendant appeared for trial on the superseding indictment, and on April 11, 2013, he was found guilty on all of the counts therein.   (ECF No. 79). On June 25, 2013, the district court denied Defendant's motion for a new trial.   *United States v. Woods*, no. 1:12-cr-00157, 2013 WL 12109522 (June 25, 2013) (also docketed as ECF No. 87).

On October 7, 2013, Defendant was sentenced to 228 months in prison, followed by a five-year term of supervised release, and a $500 special assessment.   In arriving at Defendant's sentence, the district court found that his total offense level under the United States Sentencing Guidelines for Counts One through Four was 34, with a criminal history category of II.   The Defendant's criminal history category was calculated based upon prior convictions detailed in paragraphs 61, 62 and 65 of his Presentenced Investigation Report ("PSR"), which is filed under seal in ECF No. 100.   A guideline offense level of 34 and a criminal history category of II resulted in a sentencing guideline range of 168-210 months in prison.   Defendant was sentenced at the bottom of the guideline range for Counts One through Four.   Defendant was also subject to a consecutive five-year (60 month) sentence on the firearm offense in Count Five.

On October 9, 2013, Defendant filed an appeal in the United States Court of Appeals for the Fourth Circuit asserting that the district court erred when it denied his motion to suppress.   On April 9, 2014, the Fourth Circuit affirmed the district court's judgment and found no error in the district court's determination of the reasonableness of the search of defendant's house.   *United States v. Woods*, No. 13-4791, 565 F. App'x 259 (4th Cir. Apr. 9, 2014) (also docketed as ECF No. 108).

On October 21, 2014, Defendant filed the instant section 2255 motion, asserting the following grounds for relief:

1.    The prosecution withheld *Brady* material regarding a government witness and the agent's notes of the witness's debriefing and the redacted transcript of his debriefing, in violation of the Fifth Amendment right to due process.

2.    The search of the front porch was in violation of the Fourth Amendment against unreasonable searches and should have been suppressed.

3.    The prosecution violated the Sixth Amendment Confrontation Clause by using perjured testimony.

4.    Ineffective assistance of appellate counsel due to his failure to investigate deficiencies of the presentence report and failure to send documents to Defendant that were requested in preparation of further litigation of conviction.

(ECF No. 112 at 4-5).

On January 14, 2016, Defendant filed a motion to amend his section 2255 motion seeking to add a fifth ground for relief, which states as follows:

5.    Government violated due process guarantees by overstepping state jurisdiction in a state criminal matter.   The State of West Virginia had jurisdiction, and by assuming jurisdiction without letting state arraign petitioner violated petitioner's rights under due process.

(ECF No. 118).

On May 4, 2016, pursuant to the undersigned's Order, the United States of America (hereinafter "the Government") filed a Response to Defendant's section 2255 mtoion. (ECF No. 126).    Then, more than a month later, and nearly two years after filing his initial motion, on June 22, 2016, Defendant filed two Affidavits in support of his section 2255 motion (ECF Nos. 127 and 128), and another motion, titled "28 U.S.C. § 2255 Motion to Correct Sentence" (ECF No. 129), which was docketed as another motion to amend the section 2255 motion.    The single issue raised in this second motion to amend appears to be an expansion of Defendant's claim of ineffective assistance of appellate counsel raised in Ground Four of his initial section 2255 motion, which is further supported by Defendant's Affidavits.    The second motion to amend asserts, in pertinent part, as follows:

> Petitioner's sentence was in violation of his substantial rights and must be corrected, due to his appellate counsel's negligence in looking into his criminal history.    Petitioner's appellate counsel never once contacted his previous attorney for charges that his presentence report's information consisted of after Petitioner specifically informed him of a defect in his presentence report.

(*Id.* at 1).    In support of this claim, Defendant relies upon *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), a decision addressing whether an incorrect sentencing guideline calculation constituted plain error on direct appeal.    (*Id.* at 2).

By separate Order, the undersigned denied Defendant's first Motion to Amend contained in ECF No. 118 because the claim asserted therein does not relate back to the claims raised in the original section 2255 motion.    However, the undersigned granted the second Motion to Amend contained in ECF No. 129 because it merely expanded on the

claim raised in Ground Four of Defendant's original section 2255 motion.

This matter is ripe for adjudication and the undersigned will address the merits of each of Defendant's grounds for relief in turn.

## ANALYSIS

### A.    Ground One – *Brady* claim.

In Ground One of his section 2255 motion, Defendant contends that the Government withheld material that should have been produced to him, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).    To prove a *Brady* claim, a defendant must demonstrate that non-disclosed evidence was (1) favorable to the defendant, either because it was exculpatory or impeaching; and (2) material (that is, the evidence would have been likely to change the outcome of the proceeding); and (3) that the prosecution had the evidence and failed to disclose it to the defendant.    *See Moore v. Illinois*, 408 U.S. 786, 794-95 (1972).    The Supreme Court held that such non-disclosure constitutes a violation of due process.    The burden rests with the Defendant to demonstrate that these elements.

In support of this claim, Defendant's motion states as follows:

> The Government withheld conversation and debriefing of interview notes of Bradford S. Burner and Adrian Wilson that were redacted, stating "I ain't supposed to be pulling these names from you.    Your [sic; you're] supposed to be giving them to me."    With other interview notes that if revealed during trial to the jury without any discrepancies of the redaction as proof, would have affected the impact of the petitioner's conviction.    In violation of due process.

(ECF No. 112 at 4, Ground One).

The Government's Response asserts that Defendant is barred from raising this claim in this section 2255 proceeding because he failed to raise it on direct appeal and it is procedurally defaulted.    The Response states:

> The right to pursue collateral relief pursuant to 28 U.S.C. § 2255 is not an alternative to filing a direct appeal.    *United States v. Frady*, 456 U.S. 152, 165 (1982).    Nonconstitutional errors that could have been raised on direct appeal, but were not, may not be asserted in collateral proceedings.    *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). Nonconstitutional claims that could not have been asserted on direct appeal may be raised in a § 2255 motion only if the alleged error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."    *Stone*, 428 U.S. at 477 n.10 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974).
>
> Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.    [*Bousley v. United States*, 523 U.S. 614, 621 (1998)].    Defendant contested his sentence on appeal, but did not allege any violations of the *Brady* doctrine . . . . In failing to do so, defendant has procedurally defaulted the claim he now alleges.
>
> Further, a constitutional error that could have been raised on appeal, but was not, may not be raised for the first time in a § 2255 motion unless the defendant can show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error; or (2) that a miscarriage of justice would occur if the court refused to entertain the collateral attack.    *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).
>
> To establish actual prejudice, a defendant must show that the alleged error resulted in an actual and substantial disadvantage, rather than a mere possibility of prejudice.    *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).    To demonstrate a miscarriage of justice, the defendant must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all of the evidence, that no reasonable juror would have convicted him."    *See Bousley*, 523 U.S. at 621.

(ECF No. 126 at 5-6).    Using these standards, the Government contends that Defendant

cannot overcome his procedural default of his *Brady* claim.    (*Id.*)

Moreover, the Government contends that the *Brady* claim is meritless because the information Defendant discusses in his motion does not qualify as *Brady* material.    (*Id.* at 6).    The Government contends that the redacted debriefing transcripts and interview notes were not material to his defense and that such materials were provided to Defendant.    (*Id.* at 7-8).    Defendant did not file a reply to dispute these assertions. Nor has he provided the court with the alleged *Brady* materials.    Thus, he has not demonstrated evidence sufficient to prove this claim.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has not demonstrated a *Brady* violation that would have affected the outcome of his criminal proceeding.    Therefore, the undersigned further proposes that the presiding District Judge **FIND** that Defendant is not entitled to any relief on Ground One of his section 2255 motion.

## B.    Ground Two – Unlawful search claim.

In Ground Two of his section 2255 motion, Defendant asserts that officers conducted an unlawful search of his home in violation of the Fourth Amendment to the United States Constitution.    Specifically, his motion states:

> Deputy Ellison should not have walked up onto the porch because there was no probable cause at the time he approached the petitioner in violation of the Fourth Amendment searches and seizures.    Deputy Ellison did not see any crime afoot and by walking on the porch's curtilage was considered to be a search and violation of the petitioner's Fourth Amendment rights of unreasonable searches and seizures and the evidence should have been suppressed and would have had an impact on conviction.

(ECF No. 112 at 4, Ground Two).

8

The Government's Response asserts that Defendant filed a Motion to Suppress related to the evidence seized during this alleged search and the District Court held a hearing thereon prior to denying the motion in a Memorandum Opinion and Order on April 8, 2013.    Defendant thereafter appealed that decision to the Fourth Circuit, asserting that he was handcuffed and secured in a police vehicle when the search occurred and, therefore, there was no objective threat to the safety of the officers, who described the search as a "protective sweep."    Ultimately, the Fourth Circuit found that the protective sweep was reasonable under the circumstances and that the district court committed no error in denying the motion to suppress.    *United States v. Woods*, No. 13-4791, 565 F. App'x 259 (4th Cir. Apr. 9, 2014) (ECF No. 108).

Accordingly, as argued by the Government in its unopposed Response, Defendant may not re-litigate this issue in a collateral attack.    *See Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976) (Collateral attacks may not ordinarily be made upon the basis of issues litigated on direct appeal).    Defendant had a full and fair opportunity to litigate his Fourth Amendment search and seizure claim in his criminal proceedings and the district court's denial of his motion to suppress was upheld on direct appeal.    Therefore, the undersigned proposes that the presiding District Judge **FIND** that Defendant is barred from pursuing relief on Ground Two in this section 2255 proceeding.

### C.    Ground Three – Confrontation Clause claim.

In Ground Three of his section 2255 motion, Defendant asserts that the Government violated his Sixth Amendment rights by presenting perjured testimony. Specifically, the motion states as follows:

9

> The prosecution knowingly allowed perjured testimony of Bradford S. Burner and Adrian A. Wilson in violation of Sixth Amendment's right to confront witnesses against the petitioner's defense due to allowing statements of records of Agent and CI interview that the informant had denied voluntary petitioner to ensnare him and if proven to the jury would have had an impact on petitioner's conviction.

(ECF No. 112 at 4, Ground Three).    Defendant does not elaborate on this claim and has provided no specifics concerning the alleged perjured testimony or the alleged statements he refers to in his claim.

The Government's unopposed Response addresses this claim as follows:

> Defendant has alleged that the United States knowingly allowed perjured testimony from Corporal Brad Burner of the West Virginia State Police and Adrian Wilson, in violation of the Sixth Amendment and the right to confront witnesses against him.    The United States avers that this claim is procedurally defaulted based on defendant's failure to raise it in a direct appeal, and as such, it should be dismissed.    Defendant's claim is nothing more than a challenge to the credibility of witnesses at defendant's trial, an issue that cannot be raised for the first time on collateral attack.    *See Norris v. United States*, 687 F.2d 899, 900 (7th Cir. 1982) ("The credibility of a witness is not a constitutional issue.")

> However, even if defendant's claims are not procedurally defaulted, he cannot meet the high burden of showing that his claim would entitle him to relief.    Defendant was represented at trial by capable counsel who had the opportunity to cross-examine the witnesses and attack their credibility. Therefore, the question of credibility of these witnesses was put before the jury.    In our adversary system, judgments regarding the credibility of all witnesses rests with the jury.    *See Mazzell v. Evatt*, 88 F.3d 263, 270-71 (4th Cir. 1996); *see also United States v. Scheffer*, 533 U.S. 303, 313 (1998) ("A fundamental premise of our criminal trial system is that the jury is the lie detector.") (internal citations and quotations omitted); *United States v. Jimenez*, 2007 WL 2122102, *1 (4th Cir. 2002) ("[I]t is well established that the question of witness credibility is within the sole province of the jury and not susceptive to review.").    Therefore the jury obviously credited the testimony of these witnesses in their verdict, so the issue of witness credibility is not cognizable in this proceeding and defendant's claim should be denied.

(ECF No. 126 at 9-11).

10

Defendant's claim does not implicate the Confrontation Clause of the Sixth Amendment because Defendant was presented with the opportunity to confront the witnesses against him.   Rather, he is asserting that false or perjured testimony was presented by these witnesses.   However, Defendant has not presented the court with any specific evidence to demonstrate that the testimony of either Brad Burner or Adrian Wilson was perjured, which is his burden.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has not demonstrated sufficient cause and prejudice to overcome his procedural default of this claim and, moreover, he has failed to demonstrate that this claim has any merit. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to any collateral relief on Ground Three of his section 2255 motion.

### D.    Ground Four – Ineffective assistance of appellate counsel.

In Ground Four of his section 2255 motion, Defendant asserts that his appellate counsel, Mr. Tinney, provided ineffective assistance by failing to properly investigate deficiencies in Defendant's PSR and failing to send Defendant requested discovery documents for his use in preparation of unspecified further litigation of his conviction. Specifically, Ground Four further states:

> My lawyer in my appeal failed to go over presentence discrepancies for charges on 3/14/2010 they have recorded that I plead guilty to.   I never entered guilty pleas nor was I found guilty on the concealed weapons charges or possession of a controlled substance charge in violation of Sixth Amendment.

(ECF No. 112 at 5, Ground Four).   The undersigned has allowed the amendment of this

claim to permit additional information contained in two Affidavits from Defendant (ECF

Nos. 127 and 128) and his additional motion to correct sentence contained in ECF No.

129.   The document in ECF No. 129 further discusses this claim as follows:

> Petitioner's sentence was in violation of his substantial rights and must be
> corrected, due to his appellate counsel's negligence in looking into his
> criminal history. Petitioner's appellate counsel never once contacted his
> previous attorney for charges that his presentence reports information
> consisted of after petitioner specifically informed him of a defect in his
> presentence report.

(ECF No. 129 at 1).    The affidavit contained in ECF No. 127 (hereinafter "the first

Affidavit") contains a timeline of Defendant's alleged communications with his appellate

counsel, Mr. Tinney.    (ECF No. 127 at 1-2).    The first Affidavit also attaches some of the

correspondence between Defendant and Mr. Tinney and demonstrates that Defendant

did ask Mr. Tinney to send him his discovery documents and to investigate his concerns

about his criminal history.    (*Id.* at 5-11).    Such correspondence indicates that Mr.

Tinney agreed to provide Defendant with his discovery, but it appears that Mr. Tinney did

not address the criminal history issue.    (*Id.*)

The second Affidavit, which is contained in ECF No. 128, provides greater detail

concerning the Defendant's criminal history claim.    Specifically, it states as follows:

> (1)    That on June 13, 2016, after received from his former attorney of
> charges within presentence report that increased his criminal history
> category to a category two level offense, which stated that petitioner never
> pled out, nor was convicted of a felony controlled substance charge.
>
> (2)    Affiant aver[s] that he spoke to his former attorney who looked up his
> past charges due to him being convicted for crimes he never committed on
> June 7, 2016.
>
> (3)    Affiant is also in the process of looking into his felony possession
> charge of a weapon with his former attorney.

12

(ECF No. 128 at 1).    Attached to the second Affidavit is a letter, dated June 9, 2016, from attorney Robert E. Holroyd, who represented Defendant in the municipal court proceedings he is challenging.    Mr. Holroyd's letter states in pertinent part:

> Pursuant to your request I have reviewed your records with regard to the 2010 charges in Bluefield City Court.    While there were several traffic violations and two charges of Possession of a Controlled Substance all of the charges with the exception of a Concealed Weapon without a License were dismissed and you received 30 days suspended sentence.

(ECF No. 128 at 4).    Thus, Mr. Holroyd's letter would indicate that, although Defendant apparently was not convicted of two controlled substance offenses, he was convicted of possession of a concealed weapon without a license and received a suspended 30-day sentence.    (*Id.*)    Paragraph 65 of Defendant's PSR states that he was previously convicted, pursuant to guilty pleas, of a concealed weapons charge and possession of a controlled substance in the Municipal Court of Bluefield, West Virginia on June 16, 2010. (ECF No. 100 at 15, ¶ 65).    The PSR further notes that Defendant was assessed a $150 fine and $88 in costs and sentenced to 30 days in jail.    (*Id.*)    The inclusion of these charges in Defendant's criminal history resulted in the addition of one criminal history point to his criminal history calculation, rendering a total of three criminal history points, establishing a criminal history category of II, which was used to determine his sentencing guideline range.

However, Defendant's assertion that he neither pled guilty to, nor was convicted of, either of these charges appears to be in error, as Mr. Holroyd's letter, which was offered by Defendant, states that he was convicted of the concealed weapon charge.    Pursuant to USSG §§ 4A1.1(c) and 4A1.2(a), such conviction, though resulting in a suspended

sentence, still would have warranted the addition of one criminal history point. Thus, the calculation in the PSR appears to be correct.

Nevertheless, even if Defendant could demonstrate that Mr. Tinney's conduct in failing to challenge his criminal history calculation fell below an objective standard of reasonableness, Defendant cannot demonstrate the requisite prejudice therefrom to establish a Sixth Amendment violation. Notwithstanding the one criminal history point that resulted from the challenged conviction(s), Defendant's PSR contained two other convictions that are not challenged by Defendant, which resulted in his two remaining criminal history points. Those two criminal history points still placed Defendant in a Criminal History Category II. Accordingly, Defendant cannot demonstrate that his sentence would have been any different without that criminal history point. Therefore, he cannot demonstrate the requisite prejudice under *Strickland*.

Likewise, Defendant has not demonstrated that the proposed discovery documents he failed to receive from Mr. Tinney substantially affected his ability to pursue additional post-conviction relief. Defendant has not identified any particular issue or claim that he could not pursue because he allegedly did not receive his discovery documents from Mr. Tinney. Rather, Defendant merely appears to have been on a fishing expedition that will not demonstrate the denial of any specific constitutional right, including the right to appeal.

Consequently, the undersigned proposes that the presiding District Judge **FIND** that Defendant has failed to demonstrate that Mr. Tinney provided ineffective assistance of counsel on appeal and, thus, Defendant is not entitled to any relief on Ground Four of

his section 2255 motion.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Movant's Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, as amended (ECF Nos. 112, 127, 128 and 129), and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208,

104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is requested to mail a copy of this Proposed Findings and Recommendation to Movant and to transmit a copy to counsel of record.


January 29, 2018

                                      Dwane L. Tinsley
                                    United States Magistrate Judge

16